# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 11, 2012

## CHARLES EDWARD WILBOURN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2010-A-11   Cheryl Blackburn, Judge**

---

**No.  M2012-00488-CCA-R3-PC - Filed March 8, 2013**

---

Appellant, Charles Edward Wilbourn, was indicted by the Davidson County Grand Jury for one count of possession of more than .5 grams of cocaine for sale in a drug-free zone.  On February 19, 2010, Appellant pled guilty in a negotiated plea to the charge and an eight-year sentence to be served at 100 percent.  Appellant subsequently filed a timely petition for post-conviction relief.  After appointment of counsel, an amended petition was filed.  One of the issues raised was that trial counsel afforded Petitioner ineffective assistance of counsel because she did not adequately investigate whether the incident actually occurred in a drug-free non-school zone.  After an evidentiary hearing, the post-conviction court denied the petition.  On appeal, Petitioner argues that the post-conviction court erred with respect to the above issue.  After a thorough review of the record, we conclude that the post-conviction court did not err in denying the petition.  Therefore, we affirm the denial of the petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Everette E. Parrish, Brentwood, Tennessee, for the appellant, Charles Edward Wilbourn.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; Victor S. Johnson, District Attorney General, and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

On February 19, 2010, Appellant pled guilty to one count of possession of more than .5 grams of cocaine for sale in a drug free zone in exchange for an eight-year sentence to be served at 100%. The State set out the following stipulated facts at the guilty plea hearing:

> Officer Bray stopped this defendant. A drug dog came to -- it was on Clarksville Pike near Kings Lane. It alerted. There was approximately 150 grams of cocaine, some of it crack cocaine, some of it powder cocaine. They found $17,000 plus at his residence. The location of the traffic stop was within 1,000 feet of a child care facility that's located at the Cathedral of Praise Church, 4300 Clarksville Pike.

Appellant subsequently filed a timely pro se petition for post-conviction relief. Counsel was appointed and an amended petition was filed. The post-conviction court held a hearing on the petition on September 21, 2011.

The first witness at the hearing was Brenda Ramsey, who is employed by the City of Life Corporation located at the Cathedral of Praise Church. Ms. Ramsey testified that the Cathedral of Praise Church runs both an after-school program for children during the school year and a summer enrichment program for children during the summer.

Ms. Ramsey testified that the after-school program and summer enrichment program were not required to be licensed under the State's day care licensing requirements because the after-school program lasted fewer than three hours a day and the summer enrichment program lasted fewer than forty-nine days in one year.

Ms. Ramsey testified that on June 4, 2007, the date upon which the incident in question occurred, the summer enrichment program would have just begun. Ms. Ramsey identified a letter of exemption from licensure for child care. The letter was dated July 13, 2007. Ms. Ramsey opined, as a former licensing counselor in the 1970's, that the Cathedral of Praise's after-school program and summer enrichment program would not be considered a child care center, library, recreation center, park, or child care agency.

On cross-examination, Ms. Ramsey testified both the after-school program and summer enrichment program cared for school-aged children. According to Ms. Ramsey a the time of the incident, the after-school program had an estimated enrollment of forty

children and the summer enrichment program had an enrollment of sixty to sixty-two children. Ms. Ramsey admitted with regard to the licensure that there are child care agencies that are not required to be licensed. The exemption letter did not say that the summer enrichment program did not constitute a child care agency but that the program did not require licensure.

The post-conviction court also asked Ms. Ramsey the following:

THE COURT: Okay. So if the legislature were to say that the purpose of a drug free zone is so that children can learn, play, and enjoy themselves without distractions and dangers that are incident to illegal drug activities, your organization would fall within that?

[Ms. Ramsey]: That's correct, it would.

Appellant also testified at the hearing. He stated that he did not know of the charge being in a drug-free non-school zone until December 2009, which was a few months before his trial. He stated that trial counsel filed a motion to suppress, but she did not make any arguments with regard to the drug-free zone issue. Petitioner testified that trial counsel "told [him he] should plea because if it's a school zone – and if [he] wanted to take it to trial, she would. But [he] should take a plea." He stated that he would have taken it to trial if he had known that he was not facing a sentence that would be served at 100 percent. On cross-examination, Appellant stated that he believed that trial counsel should have investigated the question of the drug-free non-school zone more than she did.

Trial counsel also testified at the hearing. She stated that she had read the indictment. She stated that she did not address the question of whether the arrest occurred in a drug-free non-school zone. When asked whether she pursued the question of whether the location of the arrest was a drug-free non-school zone, trial counsel stated the following:

I got the information from the District attorney that it was the Cathedral of Praise – let me give you a little background. I'm from that area. I was born in that area, grew up in that area, my kids were in that area. I thought long ago, not Cathedral of Praise, but there were two other locations, one being a school school [sic] that I always wondered why they didn't use that and another one being a drug free zone area. So the Cathedral of Praise, I didn't specifically think about that one. I had always known that just to be a church. I didn't know about the day care and all of that there. But there were two other places, that you know, I was just – I had always thought and wondered why didn't they use that. Of course, I didn't bring it to their attention, but I always

thought about those other two areas, two places I was familiar with, and that my children have actually attended. . . .

She was also asked whether she assumed that the zone used in the indictment was a valid zone because it was on the indictment. She responded in the following manner:

Well, not necessarily saying it's valid. I knew that was something they would have to prove to a jury. I knew that that's something they were asserting, but I knew they would also have to prove that to a jury. But, no, as far as saying you're wrong on this, I didn't do that because I know the D.A.'s office. I know they'll keep looking and find a school, and I knew schools were there.

On cross-examination, trial counsel stated that there had been earlier plea offers. She stated that she encouraged Appellant to accept a plea that was an offer of eight years at thirty percent to run concurrently with his sentence from a prior conviction. Appellant refused. Trial counsel said that the State was offering thirty percent up until right before trial, but Appellant refused those offers. At the conclusion of her testimony, trial counsel agreed with the post-conviction court that trial counsel did not want to "do anything that might signal the State to look hard and fast for a school" because then the charge would have been a Class A felony with a minimum sentence of fifteen years at 100 percent.

On January 24, 2012, the post-conviction court filed a written order denying the petition. The post-conviction court made the following findings:

Petitioner essentially raised on complaint regarding trial counsel's representation: that is, trial counsel failed to investigate whether the non-school drug free zone entity named by the State in its letter actually fell within 1000' of the area where the crime was alleged to occur. The parties submitted substantial briefings as to whether the activities at the Cathedral of Praise constitute a "child care agency" for purposes of the non-school drug free zone definition in T.C.A. § 39-17-432(b). While this is a relevant issue, the Court finds that whether or not City of Life is considered a childcare facility for drug free zone purposes is not determinative to this issue as Petitioner's claim focuses on whether trial counsel was ineffective for failing to investigate.[FN4]

[FN4 This Court however, agrees with the State that City of Life is a childcare facility for purposes of the drug free zone laws (T.C.A. § 39-17-432) even though it is not required to be

-4-

licensed as a child car facility under Department of Human Services' regulations set forth at T.C.A. § 71-3-503.]

Trial counsel testified that she made a strategic decision not to challenge the zone, citing that she is highly familiar with the area in question having grown up and lived there, and she knew that even if Cathedral of Praise did not fall within 1000', she was certain that the scene fell within two other drug free zones, including one school zone, which would have increased the felony charge from a B to an A. Thus, she did not want to alert the State to the possibility it could use a school zone instead of a non-school drug free zone charge. Additionally, trial counsel stated that she planned to hold the State to its burden at trial to prove that the location at issue was within 1000' of the Cathedral of Praise. The Court credits trial counsel's testimony and finds that she made a reasonable tactical decision. *Strickland*, 466 U.S. at 688-89. Like the counsel in *Davis v. State*, trial counsel knew there was no question that the scene was within a drug free zone and her goal was to minimize her client's exposure. *Davis v. State*, No. M2005-01902-CCA-R3-PC, 2006 WL 3290822, at *4 (Tenn. Crim. App., at Nashville, Nov. 13, 20060, *perm. to appeal denied* (Tenn. Mar. 12, 2007) affirming that counsel's performance was not deficient when petitioner alleged counsel did not investigate school zone because the post-conviction court credited trial counsel's testimony that he had no way to contest the charge that petitioner sold drugs within 1000' feet of a school zone).

Petitioner now appeals from the denial of his petition.

## ANALYSIS

### Post-conviction Standard of Review

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely

de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing by clear and convincing evidence that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996); *see also* T.C.A. § 40-30-110(f). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *State v. Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, Petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, Petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland*, Petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. 466 U.S. at 694. However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, Petitioner must show that "there is a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

We conclude that the evidence presented does not preponderate against the findings of the post-conviction court. The post-conviction court was correct that the issue in the case is whether trial counsel was ineffective in failing to investigate whether the location was in a drug-free non-school zone. Appellant has been unable to meet the two prongs set out in *Strickland*. As stated above, we are not to second-guess a reasonably-based trial strategy, *Adkins*, 911 S.W.2d at 347. We agree with the post-conviction court's conclusion that trial counsel decision to not press the issue of the drug-free non-school zone was a strategy to prevent Appellant's potential exposure to a Class A felony with a minimum sentence the length of which was almost twice that of the eight-year sentence to which he pled.

Furthermore, Appellant has not proven that he would have gone to trial had he not pled guilty. Trial counsel stated that Appellant received plea offers that carried a thirty percent release eligibility. He does not convincingly argue that he would not have pled guilty to the eight-year, 100 percent release eligibility sentence even if trial counsel had discovered that the incident did not occur in a drug-free non-school zone. When given an offer which would have negated the 100 percent release eligibility that accompanied the drug-free non-school zone charge, Appellant refused it.

## CONCLUSION

For the forgoing reasons, we affirm the post-conviction court's denial of the petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE

-7-